**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                               No. 4:13CR00217-03 JLH

JUSTIN LAMAR WILLIAMS                                                            DEFENDANT

## OPINION AND ORDER

Justin Lamar Williams has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Document #110.  On August 7, 2013, Williams was indicted for conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Counts 6, 8, 10, and 12); and using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 7, 9, 11, and 13).  Document #1.  On May 4, 2015, Williams pleaded guilty to Counts 1 and 7.  Document #102-1 at 1.  The United States moved for dismissal of the remaining counts against Williams and the Court granted the motion.  *Id.*  The Court sentenced Williams to twelve months on Count 1 and 84 months on Count 7 to run consecutively for a total of 96 months.  Document #99.  The Court also sentenced Williams to three years supervised release.  *Id.*  For the following reasons, Williams's motion is denied.

Twenty-eight U.S.C. § 2255 provides prisoners in federal custody a mechanism to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the Court.  Relief under section 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  "Unless the motion and the files and the records of the case conclusively show that the prisoner is

entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  Here, the motion and the files and the records of the case conclusively show that Williams is entitled to no relief.

Williams admitted in open court and by signing the plea agreement that on or about April 10, 2013, he committed the crime of interference with commerce by robbery and that he knowingly brandished a firearm in furtherance of that crime in violation of 18 U.S.C. § 924(c)(1)(A). Document #82 at 2.  But in his motion, Williams ignores this admission.  *See* Document #110. Though the United States dismissed the counts for interference with commerce by robbery–retaining only the one count of conspiracy–Williams still admitted to committing that crime as a basis for the remaining section 924 count.  Document #82 at 2.  Nevertheless, Williams argues that he knowingly brandished a firearm in furtherance of the crime of conspiracy to interfere with commerce by robbery, rather than actual interference with commerce by robbery.  Document #110 at 18.  He maintains that a section 1951(a) conspiracy does not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(1)(A).  *Id.*  According to Williams, a section 1951(a) conspiracy falls within the residual clause of section 924(c), which he maintains is unconstitutionally vague in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  *Id.* at 19.  The Court need not reach these issues because by pleading guilty, Williams waived his right to collaterally attack the conviction and sentence pursuant to section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct.  Document #82 at 3.

It is established in the Eighth Circuit that a knowing and voluntary waiver of collateral-appeal rights is generally enforceable.  *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir.

2011);  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).  "Such a waiver is enforceable

when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily

entered into the plea agreement and waiver, and enforcement of the waiver would not result in a

miscarriage of justice."  *Ackerland*, 633 F.3d at 701 (citing *United States v. Andis*, 333 F.3d 886,

889-90 (8th Cir. 2003) (en banc).  Williams's plea agreement provides:

> The defendant acknowledges that he has been advised of and fully understands the
> nature of the charges to which the plea is offered, the mandatory minimum penalty
> provided by law, if any, and the maximum penalty provided by law.  The defendant
> further understands that by entering into this Agreement and Addendum, he is
> waiving certain constitutional rights, including, without limitation, the following: the
> defendant waives the right to collaterally attack the conviction and sentence pursuant
> to Title 28, United States Code, Section 2255, except for claims based on ineffective
> assistance of counsel or prosecutorial misconduct.

Document #82 at 3.  Williams does not contend that the sentence imposed was in violation of this

plea agreement, nor does he contend that his guilty plea was unknowingly and involuntarily made

due to ineffective assistance of counsel.  Though the Eighth Circuit has recognized that an otherwise

valid waiver of post-conviction rights does not prevent a defendant from attacking an illegal

sentence, "the illegal sentence exception to the general enforceability of an appeal waiver is an

extremely narrow exception" and does not include sentences imposed within the statutory range or

misapplications of the sentencing guidelines.  *Ackerland*, 633 F.3d at 702.  Williams does not

contend that his sentence was not imposed within the statutory range.

Williams has not made any claims for relief directly challenging the plea, its negotiation, or

the waiver.  The plea agreement is enforceable.  Therefore, the relief requested pursuant to section

2255 is denied and a certificate of appealability is not warranted.  To warrant a certificate of

appealability, a defendant must make a "substantial showing of the denial of a constitutional right"

as required by 28 U.S.C.  § 2253(c)(2).  *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).

"When the district court denies a [section 2255] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *Ward v. Hobbs*, 738 F.3d 915, 916 (8th Cir. 2013); *Hodge v. United States*, 602 F.3d 935, 937 (8th Cir. 2010).  Here, a plain procedural bar is present–Williams waived his right to attack collaterally his conviction and sentence pursuant to section 2255–and Williams has offered the Court no reasons as to why this waiver should not be enforced.

## CONCLUSION

The Court denies Williams's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and denies Williams a certificate of appealability.  Document #110.  The motion to appoint counsel is also denied.  Document #109.

IT IS SO ORDERED this 8th day of June, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4